Denzil Mark Andrew **WILSON**, a.k.a. Denzil **Wilson**, a.k.a. Denzil A. **Wilson**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 07–73358.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008 *.

Filed Jan. 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Denzil Mark Andrew Wilson, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's decision finding that petitioner Wilson did not derive United States citizenship through his father, a naturalized United States citizen.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

■ Because, as petitioner asserts, his parents were never married, the BIA correctly determined that he is not eligible for derivative citizenship under former INA § 321. Section 321(a)(3) provided for derivative citizenship based on naturalization of a parent having legal custody during a legal separation. This court has held that this subsection does not apply to the children of parents who never married and who thus could never legally separate. *Barthelemy v. Ashcroft,* 329 F.3d 1062, 1065 (9th Cir.2003).

■ Petitioner challenges the constitutionality of former § 321(a)(3)'s provision of derivative citizenship for an illegitimate child based on a mother's naturalization, but not a father's. This claim also lacks merit. *See Barthelemy,* 329 F.3d at 1066–68; *see also Nguyen v. INS,* 533 U.S. 53, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001) (holding classifications distinguishing between illegitimate children born of citizen mothers and those born to citizen fathers did not violate equal protection).

■ Finally, we lack jurisdiction to review petitioner's ineffective assistance of counsel claim because he failed to raise it before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th

Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

The questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Accordingly, respondent's motion for summary disposition is granted, and this petition for review is denied.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

Judge GRABER dissents.

I would deny the motion for summary disposition.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.